UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FAWEL L. CABRAL,
Plaintiff, Pro Se
121 Florence Street
Boston, MA 02131
Telephone: 857-203-1994
Email: Fawel09@gmail.com

v.

EQUIFAX INFORMATION SERVICES LLC
P.O. Box 740256
Atlanta, GA 30374

FILED
Clerk's Office
USDC, Mass.
Date 6/24/26
By 
Deputy Clerk

Defendant.

Civil Action No. ___________

COMPLAINT AND JURY DEMAND

I. JURISDICTION AND VENUE

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.
2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.
3. Venue is proper in the District of Massachusetts because Plaintiff resides in this District and suffered damages in this District.

II. PARTIES

4. Plaintiff Fawel L. Cabral is a natural person and consumer as defined by 15 U.S.C. §1681a(c).
5. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. §1681a(f).

III. FACTUAL ALLEGATIONS

6. Plaintiff obtained copies of his consumer reports and discovered information he believed to be inaccurate, misleading, and incomplete.
7. On or about May 1, 2026, Plaintiff prepared and mailed a written dispute to Equifax identifying multiple disputed tradelines and requesting a reinvestigation pursuant to the Fair Credit Reporting Act.
8. The disputed tradeline included Bank of America.

9. Plaintiff requested that Equifax investigate, verify, correct, or delete any inaccurate information.
10. USPS records show delivery of Plaintiff's dispute to Equifax's Atlanta, Georgia address.
11. Plaintiff did not receive a meaningful investigation response addressing the specific inaccuracies identified in the dispute.
12. Because the dispute was not adequately resolved, Plaintiff filed a complaint with the Consumer Financial Protection Bureau ("CFPB") on or about May 18, 2026.
13. Equifax acknowledged receipt of the CFPB complaint and advised that additional time was needed to investigate.
14. On or about June 4, 2026, Equifax responded through the CFPB portal and stated that it had verified the disputed information and contacted the furnisher where applicable.
15. Equifax failed to provide sufficient information demonstrating that a reasonable reinvestigation was conducted.
16. Equifax failed to explain the procedures used to verify the disputed information.
17. Equifax continued reporting the disputed information after its investigation.
18. On or about May 5, 2026, Plaintiff suffered a rental housing denial.
19. The adverse action notice identified charge-off history appearing on Plaintiff's credit report as a basis for the denial.
20. Plaintiff suffered housing-related harm, damage to credit reputation, frustration, emotional distress, embarrassment, inconvenience, and loss of time.
21. Plaintiff incurred expenses related to postage, document preparation, disputes, and efforts to correct his credit file.

COUNT I
Violation of 15 U.S.C. §1681i
Failure to Conduct a Reasonable Reinvestigation

22. Plaintiff incorporates all preceding paragraphs.
23. Equifax received notice of Plaintiff's dispute.
24. Equifax had a duty to conduct a reasonable reinvestigation of the disputed information.
25. Equifax failed to conduct a reasonable reinvestigation.
26. Equifax failed to adequately review and evaluate the information provided by Plaintiff.
27. Equifax verified disputed information without conducting a reasonable investigation.
28. Equifax's conduct violated 15 U.S.C. §1681i.

COUNT II
Violation of 15 U.S.C. §1681e(b)
Failure to Follow Reasonable Procedures

29. Plaintiff incorporates all preceding paragraphs.
30. Equifax had a duty to follow reasonable procedures to assure maximum possible accuracy of information contained in consumer reports.
31. Equifax reported and continued reporting disputed information despite notice of Plaintiff's dispute.
32. Equifax failed to maintain reasonable procedures to assure maximum possible accuracy.
33. Equifax's conduct violated 15 U.S.C. §1681e(b).

COUNT III
Willful and/or Negligent Noncompliance

34. Plaintiff incorporates all preceding paragraphs.
35. Equifax's conduct was negligent under 15 U.S.C. §1681o.
36. Alternatively, Equifax acted willfully and in reckless disregard of Plaintiff's rights under 15 U.S.C. §1681n.
37. As a direct result of Defendant's conduct, Plaintiff suffered actual damages.

DAMAGES

38. Plaintiff suffered:

a. Housing-related damages;

b. Credit reputation damages;

c. Emotional distress;

d. Frustration and inconvenience;

e. Time spent disputing inaccurate information;

f. Out-of-pocket expenses;

g. Other damages to be proven at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award actual damages;

B. Award statutory damages as permitted by law;

C. Award punitive damages;

D. Award costs of suit;

E. Award such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

FAWEL L. CABRAL
Plaintiff, Pro Se

Date: ______________________